UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARGARET L. PETE,<br><br>            Plaintiff,<br><br>   v.<br><br>CAROLYN W COLVIN, Acting Commissioner of Social Security,<br><br>           Defendant. | CASE NO. C15-5391RSM<br><br>ORDER GRANTING IN PART AND DENYING IN PART EAJA FEES |

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Attorney Fees and Costs. Dkt. #19. The Commissioner opposes the motion on the basis that the hours requested are unreasonable. Dkt. #20. For the reasons set forth below the Court agrees with the Commissioner in part, and GRANTS IN PART AND DENIES IN PART Plaintiff's motion.

## II.    BACKGROUND

In January 2012, Ms. Pete protectively filed a Title II application for a period of disability and Disability Insurance Benefits ("DIB"), alleging disability as of December 30, 2009. Tr. 131. Ms. Pete's application was denied initially and on reconsideration. Tr. 67-81. Thereafter Ms. Pete amended her alleged onset date to February 23, 2009. Tr. 257, 41. On September 12, 2013, Administrative Law Judge ("ALJ") S. Andrew Grace conducted a hearing with Ms. Pete. Tr. 39-66. Ms. Pete was represented by counsel, Paul Martin. *Id.* Vocational Expert ("VE") Hanoch

Livneh, Ph.D., was also present. *Id.* On September 26, 2013, the ALJ issued a decision finding Ms. Pete not disabled. Tr. 22-31. Ms. Pete then appealed to this Court.

On July 27, 2016, this Court issued an Order reversing the ALJ's decision and remanding for further proceedings. Dkt. #16. This Court reversed after finding that the ALJ had failed to appropriately evaluate Ms. Pete's credibility. *Id.* at 10-16. The instant motion followed.

### III.   DISCUSSION

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, to be eligible for EAJA attorney fees: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; and (3) no "special circumstances" must exist that make an award of attorney fees unjust. *Commissioner, Immigration and Naturalization Serv. v. Jean*, 496 U.S. 154, 158, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990).

The United States Supreme Court has held that "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The government has the burden of proving that its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010), cert. denied, 563 U.S. 991, 131 S. Ct. 2443, 179 L.Ed.2d 1215, 2011 U.S. LEXIS 3726 (U.S. 2011) (citing *Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of

the fee, then it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley, supra*, 461 U.S. at 433, 436-37.

In Social Security disability cases, "[a] plaintiff who obtains a sentence for remand is considered a prevailing party for purposes of attorneys' fees." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Shalala v. Schaefer*, 509 U.S. 292, 301-02, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993). Such a plaintiff is considered a prevailing party even when the case is remanded for further administrative proceedings. *Id.* In the instant case, Defendant does not argue that Plaintiff is not a prevailing party. Thus, Plaintiff has met that element.

Defendant has also conceded that the government's position was not substantially justified, dkt. #20 at 2, and this Court concludes that no special circumstances make an award of attorney fees unjust. See 28 U.S.C. § 2412(d)(1)(A). Therefore, all that remains is to determine the amount of a reasonable fee. *See* 28 U.S.C. § 2412(b); *Hensley, supra*, 461 U.S. at 433, 436-37; *see also Roberts v. Astrue*, 2011 U.S. Dist. LEXIS 80907 (W.D. Wash. 2011), adopted by 2011 U.S. Dist. LEXIS 80913 (W.D. Wash. 2011).

The Commissioner argues that the fees requested by Plaintiff in this case are unreasonable, and should be reduced by half. Dkt. #20 at 8. Once the court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Hensley, supra*, 461 U.S. at 429, 433 n.7. According to the U.S. Supreme Court, "the most useful starting point for determining the amount of a reasonable fee

ORDER - 3

is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley, supra*, 461 U.S. at 433.

In this matter, Ms. Pete contended that the ALJ erred in evaluating the medical opinions of her treating physicians Gang Ye, M.D. and Benjamin J. Platt, M.D. Dkt. #10. She also contended that the ALJ erred in discounting her credibility. *Id.* Ms. Pete then argued that these errors resulted in an RFC that failed to account for all of her limitations. *Id.* Finally, Ms. Pete argued the ALJ erred by basing his step five finding on an RFC assessment that did not include all of Ms. Pete's limitations, and that was inconsistent with the Dictionary of Occupational Titles (DOT). *Id.* Plaintiff prevailed on the claim that the ALJ erred in discounting her credibility. When the case involves a "common core of facts or will be based on related legal theories . . . . the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *See Hensley, supra*, 461 U.S. at 435. The Supreme Court has concluded that where a plaintiff "has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.*

In this case, based on a review of the record, the Court agrees with Plaintiff that she obtained excellent results. Thus, the Court looks to "the hours reasonably expended on the litigation," which, when combined with the reasonable hourly rate, encompasses the lodestar. *See Hensley, supra*, 461 U.S. at 435. Other relevant factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), "usually are subsumed within the initial calculation of hours reasonably expended at a reasonably hourly rate." *See Hensley, supra*, 461 U.S. at 434 n.9 (other citation omitted); *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (adopting *Johnson* factors); *Stevens v. Safeway*, 2008 U.S. Dist. LEXIS 17119 at *40-*41 (C.D. Cal. 2008) ("A court employing [the *Hensley* lodestar method

of the hours reasonably expended multiplied by a reasonable hourly rate] to determine the amount of an attorney's fees award does not directly consider the multi-factor test developed in *Johnson, supra*, 488 F.2d at 717-19, and *Kerr, supra*, 526 F.2d at 69-70"); *but see Goodwin v. Astrue*, 2012 U.S. Dist. LEXIS 97651 at *10-*12, *14-*20 (W.D. Wash. 2012) (applying *Johnson* factors), adopted by 2012 U.S. Dist. LEXIS 97650 (W.D. Wash. 2012).[1]

      The Commissioner does not object to Plaintiff's request for reimbursement for expenses and does not object to Plaintiff's requested hourly rate for her attorney's fees request. Rather, the Commissioner "submits that the hours expended and claimed by Plaintiff's two attorneys, and the amount of attorney fees requested by Plaintiff, are unreasonable." Dkt. #20 at 2. The Court has reviewed the facts of this case. As noted in the Second Declaration from Plaintiff's attorney, in this case, as in multiple other instances regarding fee petitions from this attorney, the attorney's brother, counselor Noah Yanich, "a very experienced litigator," first "prepared a detailed summary of [plaintiff's] file, with precise citations to the court transcript and with legal analysis." Dkt. #23-1 at 2. Subsequently, Plaintiff's primary attorney completed the preparation of the opening brief. *Id.* From the time expenditure itemization submitted by Plaintiff, it appears that counselor Noah Yanich expended approximately 18.2 hours preparing this "detailed summary," while Plaintiff's primary attorney expended 14.2 hours reviewing the file and finalizing the Opening Brief. *See* Dkt. #19-3.

---

[1] The *Johnson* factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent: (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10); the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson, supra*, 488 F.2d at 717-19) (citations omitted).

The Commissioner does not offer or support any argument that simply utilizing the services of multiple attorneys justifies a fee reduction or makes the hours expended unreasonable. However, she contends that these hours were unreasonable because they were extensive for a routine disability case that did not present novel or complex questions, the procedural history of the matter was not complex, and the administrative record in this matter was not lengthy. Dkt. #20 at 4. The Court notes that this argument by Defendant has been persuasive in a different case, and this Court reduced fees awarded to Plaintiff's attorney. *See, e.g.*, *Stearns v. Colvin*, Case No. 14-cv-5611JRC, Dkt. #37, 2016 U.S. Dist. LEXIS 22723 at *12-*24 (W.D. Wash. February 24, 2016) (unpublished opinion). However, in the current matter, the Court has reviewed the record, including Plaintiff's Opening Brief and this Court's Order on Plaintiff's Complaint. The Court also has also carefully considered Defendant's argument. Although Defendant is correct that the number of hours incurred is somewhat larger in this matter than in others, the Court does not agree that all of the time spent was excessive. Plaintiff's briefing presented specific arguments regarding her alleged errors. The arguments do not appear superfluous or irrelevant. The Court also notes that Plaintiff's attorney spent "the amount of time that in [his] professional judgment [he] found necessary to present [his] client's case effectively." Dkt. #23-1 at 1-2.

However, the Commissioner also argues that the Court should deduct time for unsuccessful, unrelated claims. Dkt. #20 at 6. As the Ninth Circuit Court of Appeals has noted, "[a] district court may, in its discretion, make deductions on that basis. *Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001) (citing *Hensley*, 461 U.S. at 436-37)). *Hensley* sets out a two-step process for analyzing a deduction for "limited success." The first step is to consider whether "the plaintiff failed to prevail on claims that were unrelated to the claims on

which he succeeded." *Hensley*, 461 U.S. at 434. Claims are "unrelated" if they are "entirely distinct and separate" from the claims on which the plaintiff prevailed. *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1499 (9th Cir. 1995). Hours expended on unrelated, unsuccessful claims should not be included in an award of fees.

In this case, Plaintiff argued that the ALJ did not properly evaluate certain medical evidence. Dkt. #10 at 3-12. This Court rejected that argument in its entirety. Dkt. #16 at 6-10. After a review of the Opening Brief and the Court's analyses of the issues, the Court agrees with the government that the claim related to the ALJ's review of the medical evidence is separate and distinct from the claim regarding the ALJ's evaluation of the Plaintiff's credibility. The claims were based on different legal theories, different facts, and either one could have been dispositive of the matter. *See* Dkts. #10 and #16. Therefore, the Court agrees, that some of Plaintiff's time should be reduced. Nevertheless, the Court finds that the remaining three claims raised by Plaintiff on appeal were related, and therefore, the Court will reduce the award by 25%, not 50% as requested by the Commissioner.

The second step of the *Hensley* analysis is to consider whether "the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Hensley*, 461 U.S. at 434. In answering that question, a district court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id*. at 435. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.* A plaintiff may obtain excellent results without receiving all the relief requested. *Id*. at 435 n.11.

Here, the Court has already determined that Plaintiff achieved an "excellent result." She received a remand, which will require the ALJ to reevaluate her testimony and her residual

ORDER - 7

functioning capacity. Thus, the time reasonably expended in this matter provides a basis for a fee award.

Given the facts and circumstances of the matter herein, and based on Plaintiff's briefing and her petition for fees, with the itemized time expenditures included, the Court concludes that 75% of the time incurred by Plaintiff's attorney in this matter is reasonable. *See Hensley, supra*, 461 U.S. at 435. Specifically, the Court finds reasonable Plaintiff's request for costs in the amount of $400 and expenses in the amount of $7.17. Given that the Commissioner's request focuses only on the time spent on the Opening Brief (in total 32.4 hours), the Court finds reasonable Plaintiff's request for attorney's fees in the amount of **$7659.50**, calculated by reducing the hours related to the opening brief by 25% (32.4 x 25% = 8.1), and subtracting the reduction from the overall request ($9,200.77 (which includes time spent on the reply brief in support of this motion) – $1541.27 (8.1 x $190.28) = $7659.50).

### IV. CONCLUSION

Having reviewed Plaintiff's motion and the opposition thereto, along with the remainder of the record, the Court hereby finds and ORDERS:

1. Plaintiff's Motion for Attorney's Fees (Dkt. #19) is GRANTED IN PART. Plaintiff shall be awarded $400.00 in costs, $7.17 in expenses, and $7,659.50 in attorney's fees, for **a total of $8,066.67**.

2. Plaintiff's award is subject to any offset allowed pursuant to the Department of Treasury's Offset Program. If it is determined that Plaintiff's EAJA fees are not subject to any offset, the check for EAJA fees shall be made payable to Plaintiff's counsel, Eitan Kassel Yanich, and sent to his address: Eitan Kassel Yanich, PLLC, 203 Fourth Avenue E., Suite 321, Olympia, WA. 98501.

DATED this 30th day of November, 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 9